

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00196-CV

**JASON PUMPHREY,**

**Appellant**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-16-44759**

## MEMORANDUM OPINION

Jason Pumphrey, an inmate of the Texas Department of Criminal Justice, filed suit

against the Texas Department of Criminal Justice alleging that TDCJ violated his due

process rights under the 14ᵗʰ Amendment of the United States Constitution. The Attorney

General filed an *Amicus Curiae* Chapter Fourteen Advisory in the trial court asserting that

Pumphrey failed to comply with the procedural and substantive requirements of Chapter

14 of the Texas Civil Practice and Remedies Code. The trial court entered judgment dismissing Pumphrey's suit for failing to comply with Chapter 14. We affirm.

Pumphrey brings two issues on appeal. He argues that the trial court erred in dismissing his appeal under Chapter 14 of the Texas Civil Practice and Remedies Code and that any possible non-compliance with the Texas Civil Practice and Remedies Code was caused by the district clerk failing to file his petition.

Section 14.005 of the Texas Civil Practice and Remedies Code provides:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
> (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.
>
> (c) If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure.

TEX.CIV.PRAC & REM. CODE ANN. § 14.005 (West 2002).

In his petition, Pumphrey states that he resubmitted[1] his grievance on December 9, 2015, and that the grievance was answered on January 11, 2016. The district clerk filed his petition on March 9, 2016. Pumphrey did not file an affidavit or unsworn declaration stating the date that the grievance was filed and the date he received the written decision. TEX.CIV.PRAC & REM. CODE ANN. § 14.005 (a) (1) (West 2002). The trial court did not abuse its discretion in dismissing the cause of action pursuant to TEX.CIV.PRAC & REM. CODE ANN. § 14.005 (b) (West 2002). We overrule the first issue.

Pumphrey next argues that the district clerk failed "to file his Petition for Judicial Review when it was timely submitted under the Mailbox Rule." Pumphrey contends that his petition was put in the prison mail system on February 19, 2016 and postmarked February 22, 2016. The district clerk returned the petition to him without filing it. Pumphrey again mailed his petition, and it was filed in the trial court on March 9, 2016. Pumphrey did not file an affidavit or unsworn declaration stating the date that the grievance was filed and the date he received the written decision as required by Section 14.005 (a) (1) of the Texas Civil Practice and Remedies Code. Therefore, the date of the filing by the district clerk was not the sole cause of the failure to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. The trial

---

[1] We do not address whether the "refiling" of a prior grievance can properly be used to start a "new" timetable in which to file suit.

court did not abuse its discretion in dismissing the cause of action pursuant to Section

14.005 (b) of the Texas Civil Practice and Remedies Code.


AL SCOGGINS<br>
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 2, 2016
[CV06]

